UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOAN CICCHIELLO

Case No. 1:21-CR-100, 1:15-CR-222

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

  ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant Joan Cicchiello asserts two bases for compassionate release: inadequate medical care and harsh conditions of confinement.  As a threshold matter, we note that Cicchiello's arguments are premised largely on her subjective and unsubstantiated complaints, many of which we have difficulty crediting given her long history of prevarication.  Assuming their truth arguendo, we nonetheless conclude that neither basis constitutes an extraordinary and compelling reason for compassionate release.  The medical records reflect that BOP staff are monitoring Cicchiello's medical conditions; that she is seen routinely for those conditions; and that the BOP is working to correct her issues of specific complaint, both with respect to her medical issues and her claim that her toilet is broken and leaking sewage.  Neither of these assertions, whether individually or in combination, establish extraordinary and compelling reasons for compassionate release.

Even if Cicchiello had established extraordinary and compelling reasons for compassionate release, the Section 3553(a) factors do not support a sentence reduction.  Cicchiello is currently serving an aggregate federal sentence of 87 months' imprisonment on two federal dockets, with a projected release date of August 11, 2023.  Cicchiello has a long history of criminal conduct, and she committed her most serious crimes while in her 60s and in deteriorating health, belying the usual assumptions about risk of recidivism decreasing with age.  She also committed the instant perjury offense while on home confinement for her health-care fraud conviction, refuting counsel's suggestion that release to home confinement should quell the court's recidivism concerns.  We are not unsympathetic to Cicchiello's health conditions or to the unpleasant conditions of confinement in which she claims to find herself.  We encourage the defendant to make use of the Bureau of Prison's grievance system to address her concerns.  But the fact remains she committed serious, successive federal crimes and her sentences on both dockets already reflect downward variances to account for her age and medical condition.  Our primary concerns at sentencing were with ensuring just punishment, reflecting the seriousness of the offense, and affording general and specific deterrence, and all of those concerns remain today. We therefore conclude the Section 3553(a) factors, on balance, require that Cicchiello's sentence remain intact.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: January 24, 2023

/s/ Christopher C. Conner

Christopher C. Conner
United States District Judge
Middle District of Pennsylvania